UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-21704-COOKE/TORRES

KEN CAMERON and MICHELLE CAMERON,

    Petitioners,

v.

SCOTTSDALE INSURANCE COMPANY,

    Respondent.
_____/

## ORDER DENYING MOTION TO DISMISS

The parties in this action dispute certain insurance policy language related to water damage coverage. Petitioners Ken and Michelle Cameron ("Petitioners") filed a Petition for Declaratory Relief in state court seeking a judicial declaration of their rights under an insurance policy issued by Respondent Scottsdale Insurance Company ("Respondent" or "Scottsdale"). Respondent removed the action to federal court based on diversity jurisdiction. *See* 28 U.S.C. § 1332.

Before me is Respondent's Motion to Dismiss Petitioners' Petition for Declaratory Relief ("Motion") (ECF No. 7). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons set out below, I deny Respondent's Motion.

### I. Background

At the start of 2016, a drain collapsed in the internal plumbing system of Petitioner's house and caused water damage to the property. Pet. for Decl. Relief ¶¶ 7, 15, ECF No. 1. Respondent and Petitioners had previously entered into a commercial property insurance contract that was in effect at the time of the incident. *Id.* ¶¶ 4, 7. After Petitioners reported the incident, Respondent refused to cover the loss based on the policy language and after it investigated the damaged property ("Denial Letter"). *Id.* ¶¶ 9-11.

Petitioners argue the policy excludes coverage only when the damage is caused by water originating from a drain outside the insured property's plumbing system. Respondent contends the insurance policy excludes coverage for damage caused by water originating

1

from a drain both on and off the insured property. *Id.* ¶¶ 13 – 15. The relevant policy language states the following:

> **B. Exclusions**
> 1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss . . . .
> 
>   **g. Water**
> (3) Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment.

ECF No. 9 ¶ 11, n. 1.

Petitioners believe the insurance policy language is ambiguous and that declaratory relief is warranted. Respondent disagrees and asserts that there is no ambiguity in the policy language. Petitioners filed their Petition under Florida's Declaratory Judgment Act, Fla. Stat. § 86.011, in state court. Respondent then removed the action in May 2016, and now moves to dismiss the Petition under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests," *ADA v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1223 (11th Cir. 2014). The court must accept such allegations as true and construe them in the light most favorable to the non-moving party. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. Discussion

At bottom, Petitioners have stated a viable claim and this litigation should proceed.

A. Extrinsic evidence

As a threshold matter, Petitioners argue that Respondent introduced impermissible extrinsic evidence for consideration when Respondent attached the insurance policy and the Denial Letter at issue to its Motion to Dismiss, neither of which had been attached to the original Petition.

Ordinarily, a court may not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997); *see also* Fed. R. Civ. P. 10(c). But in cases where a plaintiff refers to a document in its complaint, that document is central to its claim and its contents are unquestioned, and the defendant attaches the document to its motion to dismiss, the court may consider such document. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

Here, both the insurance policy and the Denial Letter are central to Petitioners' claims for declaratory relief. Petitioners themselves refer to the policy and the Denial Letter several times in their Petition. *See e.g.*, Pet. for Decl. Relief ¶¶ 1, 4 – 7, 11 – 15. Further, the parties do not dispute the content of the documents; they dispute the interpretation of certain policy language. Therefore, I find that it is proper for me to consider the documents.

B. Declaratory Relief

Respondent first asserts that Petitioners have not pled sufficient facts to show the required elements for a cause of action for declaratory relief. Respondent further declares that there is no reasonable basis to continue this action as it would result in a waste of judicial resources.

Under the federal Declaratory Judgment Act, federal courts have the authority to declare the rights and other legal relations of any interested party in a case of actual controversy, regardless of whether further relief is or could be sought. 28 U.S.C. § 2201; *see also Skelly Oil Co. et al. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). For a justiciable controversy under the Declaratory Judgment Act to exist, the alleged facts must show "that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Hendrix v. Poonai*,

662 F.2d 719, 721 (11th Cir. 1981) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Declaratory Judgment Act is "liberally construed to accomplish its purpose of providing a speedy and inexpensive method of adjudicating legal disputes." *Sherwood Med. Indus., Inc. v. Deknatel, Inc.*, 512 F.2d 724, 729 (8th Cir. 1975).

In this case, the parties offer differing interpretations of certain policy language, which form the basis for Respondent's refusal to cover damages. Because of Respondent's refusal to pay, Petitioners have no financial means to repair the damaged property and continue their rental business. The parties, thus, have adverse legal interests, and I find that there is a sufficiently substantial and immediate controversy relating to the policy language. In addition, I disagree with Respondent's argument that pursuit of declaratory action would squander judicial resources. On the contrary, early resolution of the disputed policy language would clarify the parties' positions, and is more likely to lead to a resolution. Therefore, I find that declaratory relief is an appropriate vehicle in this case.

C.  <u>Failure to State a Claim</u>

Respondent also argues that the clear and unambiguous policy language, the Denial Letter, and the results of Respondent's investigation show that the policy does not cover the alleged damages. Accordingly, Respondent seeks dismissal of Petitioners' claims.

Petitioners retort that there is ambiguity over the meaning of the policy language. They believe the policy covers damage caused by water that overflows due to a broken drain, so long as the drain is a component of the plumbing system of and within the insured property. Respondent believes that the policy does not cover any such damage, regardless of where the broken drain was located, be it inside or outside the insured property. *Id.*

An insurance contract is ambiguous if it is susceptible to two or more reasonable interpretations. *Dahl-Eimers v. Mut. of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993). An ambiguity is evidenced when one interpretation of the same provision results in coverage and another in exclusion, particularly when a term is not explicitly defined or clarified by the policy. *Id.*

Viewing the facts in favor of the Petitioners at this stage of the litigation, I find that the language is susceptible to more than one reasonable interpretation. The relevant policy language does not explicitly comment on the origin of a water overflow, which creates the

ambiguity present here. Accordingly, I find Petitioners have pled sufficient facts to state a claim for relief that is plausible on its face.

D. Failure to State a Cause of Action under Fla. R. Civ. P. 1.140(b)(6)

Finally, Respondent asserts a failure to plead sufficient, ultimate facts under Florida Rule of Civil Procedure 1.140(b)(6). Later in the briefing for this motion, however, Respondent concedes that the Federal Rules of Civil Procedure and the federal Declaratory Judgment Act apply because this case is brought under diversity jurisdiction. *See McMahan v. Toto*, 256 F. 3d 1120, 1131 (11th Cir. 2001) (holding that where a federal court has diversity subject matter jurisdiction, the court shall apply procedural federal law and substantive state law); *Berkower v. USAA Cas. Ins. Co.*, No. 15-23947-CIV, 2016 U.S. Dist. LEXIS 118223, at *6 (S.D. Fla. Sep. 1, 2016) (stating that Florida's Declaratory Judgment Act and federal Declaratory Judgment Act are procedural statutes and do not confer any substantive rights). Hence, this argument is now moot.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Respondent's Motion to Dismiss Petitioners' Petition for Declaratory Relief (ECF No. 7) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 21st day of December 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*