# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-21704-Civ-COOKE/TORRES

KEN CAMERON and MICHELLE CAMERON,

    Petitioners,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Respondent.
_____/

## ORDER DENYING MOTION TO REMAND

THIS MATTER is before me upon Petitioners' Motion to Remand to State Court (ECF No. 69). The Motion is fully briefed and ripe for review. For the reasons set forth herein, the Motion is denied.

### I. BACKGROUND

On or around March 28, 2016, Petitioners filed a Petition for Declaratory Relief in the Eleventh Judicial Circuit Court of Florida. ECF No. 1-2. Petitioners stated in that initial pleading that they were seeking "declaratory relief under Florida Statute §86.011 to determine the extent of Petitioners' rights and Respondent's obligations under the . . . property insurance policy for a loss sustained by Petitioner[s]." *Id.* at p. 2. Respondent filed its Notice of Removal, based on diversity jurisdiction, on May 13, 2016. ECF No. 1.

On March 28, 2017, this Court granted summary judgment in favor of Respondent. ECF No. 27. The Court determined that the "Water Exclusion Endorsement" in the insurance policy applied to the damages claimed by Petitioners, barring recovery for them. *Id.* at pp. 2–4.

On April 16, 2018, the Eleventh Circuit Court of Appeals vacated this Court's summary judgment order. *Cameron v. Scottsdale Ins. Co.*, 726 F. App'x 757 (11th Cir. 2018). The Eleventh Circuit determined that this case was controlled by the Florida state court case of *Cheetham v. Southern Oak Ins. Co.*, 114 So. 3d 257 (Fla. Dist. Ct. App. 2013), and that under *Cheetham* the Water Exclusion Endorsement did not apply to the damages claimed by Petitioners. 726 F. App'x at 760. The Eleventh Circuit therefore vacated the grant of summary judgment for Respondent, and remanded to this Court for further proceedings. *Id.* at 763.

1

On June 26, 2018, this Court dismissed this action as moot. ECF No. 55. The Court noted that Respondent had sent Petitioners a letter declaring that, in light of the Eleventh Circuit's decision, Respondent would "issue payment in accordance with the applicable policy terms and conditions for the damages . . . for which cover[age] was disclaimed." *Id.* at p. 1 (quoting ECF No. 53-1, at p. 1). This Court therefore determined that the action was "moot, as there [was] no longer a dispute over whether Petitioners' claim [was] covered by the insurance policy." ECF No. 55, at p. 1. The Court further noted that, although "there remain[ed] a dispute regarding the dollar amount to which Petitioners [were] entitled under the policy . . . ., the amount of coverage under the policy was never at issue in this matter[.]" *Id.* at p. 1 n.1. The Parties' lingering disagreement about the amount of coverage, therefore, did not save this case from mootness. *Id.*

Notwithstanding the dismissal of the case, the Court elected to retain jurisdiction to resolve Petitioners' still-pending Motion for Entitlement to Attorney's Fees and Costs (ECF No. 53) and Motion for Sanctions for Respondent's Breach of Mediation Confidentiality (ECF No. 54). ECF No. 55, at p. 2 (noting that "a federal court may consider collateral issues after an action is no longer pending" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990))).

Following the Court's dismissal of the action, Respondent filed two motions of its own: a Motion to Compel Mediation (ECF No. 58) and a Motion to Compel Appraisal (ECF No. 59). Both of Respondent's motions, as well as the two motions filed by Petitioners over which this Court retained jurisdiction, remain pending. All four motions have been referred to Magistrate Judge Edwin G. Torres. ECF Nos. 55, 68.

Finally, Petitioners have now filed one more motion—the instant Motion to Remand to State Court. ECF No. 69. In it, Petitioners argue that this Court should exercise its discretion to remand this case, along with the four pending motions listed above, to the Florida state court where the case originated. *Id.* at p. 5. Respondent opposes such remand. ECF No. 71.

## II. DISCUSSION

Petitioners offer two alternative bases for remanding this case, with its pending motions, to the Florida state court. ECF No. 69, at p. 1 n.1. First, Petitioners suggest that this Court "arguably divested itself of subject matter jurisdiction when it dismissed this case as moot." *Id.* at p. 2. Alternatively, Petitioners state that remand "may . . . be appropriate" as a discretionary

matter and "for the sake of expediency, as the collateral matters that remain pending do not require federal adjudication[.]" *Id.* at p. 1 n.1.[1]

Turning first to Petitioners' jurisdictional argument, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." *Ware v. Pine State Mortg. Corp.*, — F. App'x —, 2018 WL 5733210, at *2 (11th Cir. Oct. 31, 2018) (quoting *Cooter & Gell*, 496 U.S. at 395). Indeed, this Court explicitly noted as much when it retained jurisdiction over Petitioners' motions for attorney's fees and sanctions despite dismissing this case as moot. ECF No. 55, at p. 2.

Whether the Court has jurisdiction over the motions subsequently filed by Respondent is a closer question. Those motions relate to the amount of coverage due under the insurance policy—a question that the Court has already noted "was never at issue in this matter[.]" ECF No. 55, at p. 1 n.1. However, to the extent that this Court lacks jurisdiction over those motions, the same must be true of the state court as well. The sounder decision is not to remand the motions to the state court, but to allow the motions to be addressed in due course by the Magistrate Judge to whom they have already been referred.

As to Petitioners' argument that the Court should exercise its discretion to remand the case "for the sake of expediency," ECF No. 69, at p. 1 n.1, Petitioners have cited no authority establishing that the Court may do so. To be sure, as Petitioners point out, a district court may "decline to exercise supplemental jurisdiction over a *claim* . . . if the district court has dismissed all claims over which it has original jurisdiction." *Handi-Van Inc. v. Broward Cty.*, 445 F. App'x 165, 170 (11th Cir. 2011) (emphasis added) (quoting 28 U.S.C. § 1367(c)(3)). But what Petitioners are asking the Court to do is not to remand a claim, since no claim remains in this case. Instead, Petitioners are asking the Court to remand the pending *motions* to the state court, unattached to any claim. *See, e.g., Cooter & Gell*, 496 U.S. at 396 ("the imposition of costs, attorney's fees, and contempt sanctions . . . is not a judgment on the merits of an action," but

---

[1] The Court notes as an initial matter that Petitioners' motion to remand is not time-barred. The requirement that such motions "be made within 30 days after the filing of the notice of removal" applies only to motions "on the basis of a[] defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Petitioners' jurisdictional argument is thus excluded from the time limit, as is Petitioners' "expediency" argument, which "do[es] not depend on any 'defect' in the removal itself." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (section 1447(c)'s time limit does not apply to "a determination that a federal court should abstain in a particular case or that it should refuse to exercise supplemental jurisdiction . . . after dismissal of all federal claims").

rather "a collateral issue"). Petitioners have failed to show that this Court may remand collateral motions to the state court in an action that has already been dismissed as moot.

Finally, even if the Court had discretion to send free-floating motions to the state court, Petitioners have not shown that the Court should do so. Petitioners' motions for attorney's fees and sanctions relate, at least in large part, to matters that occurred during the proceedings before this Court. *Cf., e.g.*, *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, 2014 WL 12603175, at *1 (S.D. Fla. May 12, 2014) ("Notwithstanding this Court's finding that it lacks jurisdiction to adjudicate the merits of Plaintiff's claims, . . . this Court inherently retained jurisdiction to award fees associated with proceedings already held before it."). And it has already been noted that there is no reason to believe the state court enjoys greater jurisdiction over Respondent's pending motions than this Court does. Simply put, with the case in its current posture, the Court does not find that the "concerns of comity, judicial economy, convenience, fairness, and the like" would be best served by remanding the pending motions in this matter to the Florida state court. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1123 (11th Cir. 2005).

### III. CONCLUSION

For all the reasons stated above, it is hereby **ORDERED and ADJUDGED** that Petitioners' Motion to Remand to State Court (ECF No. 69) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida, this 1st day of February 2019.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*